UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>BRADLEY M.D. MILLER,<br><br>        Defendant. | Case No. 16-cr-40030-JPG-004 |

## MEMORANDUM AND ORDER

This matter comes before the Court on the defendant's motion for compassionate release pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 296). He also seeks appointment of counsel. The Court lacks authority to appoint counsel for defendants seeking relief under the First Step Act. *See United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013). Further, it is apparent from the defendant's motion that he has not exhausted his remedies as required by the statute before filing the motion.

The First Step Act expanded the existing compassionate release provisions of federal law by opening the door for a defendant to move for compassionate release rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)). The relevant portion of the law provides:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
>     (1) in any case—
>         (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set

>    forth in section 3553(a) to the extent that they are applicable, if it finds that—
>        (i) extraordinary and compelling reasons warrant such a reduction. . .
>    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . .

18 U.S.C. § 3582(c)(1)(A).

The exhaustion of remedies portion of this statute provides that the defendant may file a motion for compassionate release after the earlier of two events: (1) "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion" or (2) "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." As a practical matter, (2) will almost always provide the relevant exhaustion mark because it is virtually impossible to exhaust the BOP's comprehensive administrative remedy process within 30 days. Thus, the Court asks whether the defendant waited 30 days after the warden received his request before filing this motion.

Miller had not waited 30 days. He states that he submitted an administrative request on June 24, 2020, for the BOP to move for his compassionate release. However, Miller mailed his motion for compassionate release on or about that same day, well before 30 days had passed from his request to the warden. It is clear that Miller filed his motion for compassionate release before completing either of the methods for exhaustion listed in the First Step Act, so his motion is premature. Congress has not authorized the Court to act before the 30 days have run, opting instead to give the BOP 30 days exclusively to consider an inmate's request *before* the inmate can file his own motion. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (holding that under PLRA, "the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment").

Accordingly, the Court **DENIES** the defendant's motion (Doc. 296) **without prejudice** to another motion filed *after* fully exhausting all administrative rights to appeal a failure of the BOP to

bring a motion *or* the lapse of 30 days from the date the warden received his request, whichever is earlier.   The defendant is free to file another motion once the 30-day period has passed.

**IT IS SO ORDERED.**
**DATED:   July 8, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
